UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
DANIEL RAVICHER,                                                        :   ECF CASE
                                                                        :
                                    Plaintiff,                          :   13 Civ. 3908 (LLS)
                                                                        :
          v.                                                            :   Oral Argument Requested
                                                                        :
BANK OF AMERICA CORPORATION,                                            :
JPMORGAN CHASE & CO., and WELLS                                         :
FARGO & COMPANY, all Delaware                                           :
corporations,                                                           :
                                                                        :
                                    Defendants.                         :
------------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

| | |
|---|---|
| Scott D. Musoff | Gary W. Kubek |
| Paul J. Lockwood | Ashley E. Fisher |
| SKADDEN, ARPS, SLATE, | DEBEVOISE & PLIMPTON LLP |
|   MEAGHER & FLOM LLP | 919 Third Avenue |
| 4 Times Square | New York, New York 10022 |
| New York, New York 10036 | (212) 909-6000 |
| (212) 735-7852 | |
| | *Attorneys for Defendant JPMorgan Chase* |
| *Attorneys for Bank of America* |   *& Co.* |
|   *Corporation* | |
| | Eric Seiler |
| | Andrew W. Goldwater |
| | Jason C. Rubinstein |
| | Lindsey R. Skibell |
| | FRIEDMAN KAPLAN SEILER & |
| |   ADELMAN LLP |
| | 7 Times Square |
| | New York, New York 10036 |
| | (212) 833-1100 |
| August 9, 2013 | *Attorneys for Defendant Wells Fargo &* |
| |   *Company* |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

I.      THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE THE ELEMENTS OF AIDING AND ABETTING FRAUD. .......................... 5

      A.    The Complaint Fails to Plead Any Underlying Fraud. .......................................... 6

          1.    The Complaint Fails to Plead Herbalife's Alleged Fraud with the Requisite Particularity .................................................................................. 6

          2.    Plaintiff Fails to Plead Reasonable Reliance on the Purported Fraud ................................................................................................... 8

      B.    The Complaint Fails to Allege That Defendants Had Actual Knowledge of Any Fraudulent Conduct ........................................................................................ 9

      C.    The Complaint Fails to Allege Substantial Assistance. ........................................ 10

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*In re Agape Litigation*,
  681 F. Supp. 2d 352 (E.D.N.Y. 2010) .................................................................................12

*In re Agape Litigation*,
  773 F. Supp. 2d 298 (E.D.N.Y. 2011) .................................................................................10

*Armstrong v. McAlpin*,
  699 F.2d 79 (2d Cir. 1983)....................................................................................................5

*Banque Arabe et Internationale D'Investissement v. Maryland National Bank*,
  57 F.3d 146 (2d Cir. 1995).....................................................................................................9

*Caputo v. Pfizer, Inc.*,
  267 F.3d 181 (2d Cir. 2001)...................................................................................................6

*Cohen v. S.A.C. Trading Corp.*,
  711 F.3d 353 (2d Cir. 2013)...................................................................................................6

*Cromer Finance Ltd. v. Berger*,
  137 F. Supp. 2d 452 (S.D.N.Y. 2001)..................................................................................11

*In re Eugenia VI Venture Holdings, Ltd. Litigation*,
  649 F. Supp. 2d 105 (S.D.N.Y. 2008),
  *aff'd*, 370 F. Appx. 197 (2d Cir. 2010) .................................................................................5

*Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC*,
  479 F.Supp.2d 349 (S.D.N.Y.2007).....................................................................................10

*Glidden Co. v. Jandernoa*,
  5 F. Supp. 2d 541 (W.D. Mich. 1998) .................................................................................11

*Gray v. First Winthrop Corp.*,
  776 F. Supp. 504 (N.D. Cal. 1991) ......................................................................................11

*Herbalife International of America, Inc. v. Ford*,
  No. CV-07-02529 GAF (FMOx), slip op. (C.D. Cal. Aug. 25, 2009).....................................7

*Inn Chu Trading Co. Ltd. v. Sara Lee Corp.*,
  810 F. Supp. 501 (S.D.N.Y. 1992) ........................................................................................6

*Iowa Public Employee's Retirement System v. Deloitte & Touche LLP*,
  No. 12 Civ. 2136, 2013 WL 245805 (S.D.N.Y. Jan. 23, 2013).........................................9, 10

*JPMorgan Chase Bank v. Winnick*,
    406 F. Supp. 2d 247 (S.D.N.Y. 2005) ..................................................................................5

*Koppel v. 4987 Corp.*,
    Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783 (S.D.N.Y. Aug. 11, 1999) .....................8

*Kubin v. Miller*,
    801 F. Supp. 1101 (S.D.N.Y.1992) ........................................................................................8

*Lama Holding Co. v. Smith Barney Inc.*,
    88 N.Y.2d 413, 668 N.E.2d 1370 (N.Y. 1996) ......................................................................5

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006) ..................................................................................5, 6, 9, 10

*Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.*,
    261 F.R.D. 13 (S.D.N.Y. 2009) ..........................................................................................12

*Powers v. British Vita, P.L.C.*,
    57 F.3d 176 (2d Cir. 1995) ....................................................................................................6

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ..................................................................................................6

*Rosner v. Bank of China*,
    No. 06 Civ. 13562, 2008 WL 5416380 (S.D.N.Y. Dec. 18, 2008),
    *aff'd*, 349 Fed. Appx. 637 (2d Cir. 2009) ...........................................................................11

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994) ..................................................................................................6

*South Cherry St., LLC v. Hennessee Group LLC*,
    573 F.3d 98 (2d Cir. 2009) ....................................................................................................8

*Terra Securities ASA Konkursbo v. Citigroup, Inc.*,
    450 F. Appx. 32 (2d Cir. 2011) .............................................................................................9


**RULES**

Fed. R. Civ. P. 9(b) ................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1

Defendants Bank of America Corporation ("Bank of America"), JPMorgan Chase & Co. ("JPMorgan") and Wells Fargo & Company ("Wells Fargo," and collectively with Bank of America and JPMorgan, "Defendants") respectfully submit this memorandum in support of their motion, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint ("Complaint" or "Compl.").

## PRELIMINARY STATEMENT

This litigation is one of several attempts by *pro se* Plaintiff Daniel Ravicher, a lawyer-investor, to salvage a "substantial" investment that is in danger of expiring worthless. Plaintiff purchased put options based on his apparent belief that by November 2013 Herbalife Ltd. ("Herbalife") -- a marketing company that sells weight management, nutritional and personal care products -- would be exposed as a supposed illegal pyramid scheme and its stock price would tumble. Thus far that has not happened, and Herbalife's stock price has actually increased significantly in recent months. Faced with a prospective loss, Plaintiff has brought this action against Bank of America, JPMorgan and Wells Fargo for supposedly aiding and abetting Herbalife's alleged pyramid scheme by simply continuing to honor their pre-existing credit agreement with Herbalife. Plaintiff's nine-page Complaint, however, fails to assert any plausible basis for holding the Defendants liable, and it should therefore be dismissed pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Plaintiff acknowledges that the Defendants did nothing wrong by issuing credit to Herbalife and continuing to perform their obligations under the credit agreement through early

---

[1] Plaintiff has also brought a derivative action in this Court, purportedly on behalf of the same Defendants he is suing in this action, alleging claims against officers and directors of Bank of America, JPMorgan and Wells Fargo for their alleged failure to cause those companies to terminate the credit agreement with Herbalife. See *Ravicher v. Moynihan, et al.*, 13 Civ. 1665 (LLS). In addition, he has sued Carl Icahn in this Court for allegedly aiding and abetting Herbalife's purported fraud. See *Ravicher v. Icahn*, 13 Civ. 1666 (LLS).

February 2013.  The sole allegation Plaintiff makes is that on February 5, 2013, he supposedly informed the Defendants about "the [Herbalife] fraud and their role therein" via letters he sent to the CEO and General Counsel of each Defendant asking each company to cease doing business with Herbalife, which they did not do.  Compl. ¶ 19.  Plaintiff now brings suit against the Defendants because they did not immediately thereafter withdraw from the credit agreement.  Without addressing whether Defendants could have done so without breaching the agreement (and thereby potentially exposing the companies he is supposedly trying to protect in his related derivative action to liability), Plaintiff alleges that the Defendants aided and abetted Herbalife's alleged fraudulent pyramid scheme by honoring their contractual commitments after receipt of his letters.

      The Complaint should be dismissed for two reasons.  *First*, Plaintiff's aiding and abetting claim fails because he has not pled any underlying fraud by Herbalife with the requisite particularity.  Specifically, Plaintiff has not alleged the circumstances of the purported fraud or Herbalife's scienter with requisite particularity, and he cannot meet the requirement of reliance because he admits that he is aware of the purported truth, *i.e.*, he made his investment precisely *because* he believed Herbalife was a fraud, and therefore he was not misled.

      *Second*, even assuming *arguendo* that Plaintiff has properly alleged a fraud by Herbalife, he has failed to meet his burden under Rule 9(b) of pleading specific facts showing that any Defendant actually knew of and substantially assisted the fraud.  Given these fatal deficiencies in the Complaint, it should be dismissed in its entirety.

## STATEMENT OF FACTS

### A. The Plaintiff.

Plaintiff *pro se* Daniel Ravicher[2] alleges that "[k]nowing that [Herbalife] is a fraudulent pyramid scheme, [he] has established and maintains a substantial short position in [Herbalife] stock." Compl. ¶ 23.[3]  According to the Complaint, Herbalife "describes itself as 'a network marketing company [that] sells weight management, healthy meals and snacks, sports and fitness, energy and targeted nutritional products, and personal care products worldwide.'" Compl. ¶ 9.  Plaintiff makes the conclusory allegation that Herbalife "is a fraudulent pyramid scheme because it has a compensation program based primarily on providing payments to participants for the recruitment of new participants, not on the retail sale of products or services." *Id.*

### B. The Defendants.

Plaintiff alleges that on March 9, 2011, Herbalife announced that it had entered into a $700 million revolving credit facility with, among other banks, the Defendants.  *See* Compl. ¶¶ 14–15.  He further alleges that on July 30, 2012, Herbalife announced an amendment to the

---

[2] Ravicher is an attorney.  *See* http://www.martindale.com/Daniel-Ben-Ravicher/2067152-lawyer.htm.

[3] Although the Complaint is silent as to the nature of Plaintiff's purported "substantial investment," Plaintiff represented in another action, also pending before this Court, that "Plaintiff currently owns 50 put option contracts with an expiration date of November 16, 2013, that each give him the right to sell 100 shares of Herbalife at the price of $45.00." Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction Against Defendant Carl C. Icahn at 5, *Ravicher v. Icahn*, 13-Civ.1666 (LLS) (S.D.N.Y. June 19, 2013), ECF No. 8.  In other words, Plaintiff is betting that Herbalife's stock price will fall below $45 before his put options expire on November 16, 2013.  Herbalife's stock closed at $66.41 on August 8, 2013.

credit facility to add a $500 million term loan arranged by Bank of America with Wells Fargo as a joint lead arranger. *See id.* ¶¶ 17–18. Plaintiff acknowledges that at the time of these arrangements and all times prior to February 5, 2013, "the defendants cannot be blamed for playing an unwitting role in [Herbalife's] fraud," *id.* ¶ 19, because they did not have knowledge of any alleged wrongdoing by Herbalife.

### C. The Defendants' Alleged Wrongdoing.

On February 5, 2013, Plaintiff sent letters to the CEO and General Counsel of each of the Defendants allegedly "describing the [Herbalife] fraud and their role therein." Compl. ¶19. Plaintiff does not allege that he possessed any first-hand knowledge or had undertaken any investigation concerning Herbalife's purported fraud. The Complaint fails to identify any evidence contained in these letters regarding the alleged fraud, and they in fact contained none. The letters asked "each Defendant to withdraw its involvement with the [Herbalife] fraud, and particularly withdraw the critical line of credit extended thereto." *Id.*[4]

Despite the letters' lack of any factual support for Plaintiff's assertions concerning Herbalife, the Complaint asserts, based solely on the Defendants' alleged receipt of the letters on February 7, 2013, that Defendants "had actual knowledge of the [Herbalife] fraud and their continued involvement therein," *id.* ¶ 20, and thus "began illegally aiding and abetting the [Herbalife] fraud[.]" *Id.* ¶ 22. Plaintiff makes the conclusory allegation that by maintaining "the critical line of credit" to Herbalife, the Defendants "have illegally caused the [Herbalife] share

---

[4] Plaintiff did not attach copies of these letters to his Complaint in this action, but he did include them as exhibits to the complaint in his purported derivative action, *Ravicher v. Moynihan, et al.*, 13 Civ. 1665 (LLS). Copies of the letters are submitted as Exhibit A to the Declaration of Ashley E. Fisher ("Fisher Decl."), submitted in support of this motion.

price to be unjustifiably inflated, which has negatively impacted the value of Plaintiff's investment." *Id.* ¶ 23.

On March 13, 2013, Plaintiff filed this action alleging that the Defendants have aided and abetted Herbalife's fraudulent activities.  Compl. ¶ 26.  Plaintiff fails to plead any specific facts about his actual alleged losses as of the time he filed the Complaint.[5]

## ARGUMENT

**I.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE THE ELEMENTS OF AIDING AND ABETTING FRAUD.**

To state a claim for aiding and abetting fraud, Plaintiff must allege: "(1) the existence of a fraud; (2) [the] defendant[s'] knowledge of the fraud; and (3) that the defendant[s] provided substantial assistance to advance the fraud's commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (quoting *JPMorgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 252 (S.D.N.Y. 2005)).  He must allege these elements with the particularity necessary to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *See Lerner*, 459 F.3d at 292 (applying Rule 9(b) to claim for aiding and abetting fraud); *Armstrong v. McAlpin*, 699 F.2d 79, 92–93 (2d Cir. 1983) (same).  Plaintiff's conclusory allegations do not come close to meeting this standard, and thus his Complaint should be dismissed.

---

[5] It is clear from Plaintiff's submission in *Ravicher v. Icahn, see* n.3, *supra*, that his alleged damages of over $200,000 represent the profit that he would gain in the event that Herbalife's stock price went to zero before the options expire, and that the purchase price of these options, which is his actual maximum potentially compensable injury, is substantially less than that amount.  *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 1374 (N.Y. 1996) ("Under the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud."); *In re Eugenia VI Venture Holdings, Ltd. Litig.*, 649 F. Supp. 2d 105, 122 (S.D.N.Y. 2008) (plaintiffs alleging fraud are limited to recovering their out-of-pocket expenses, *i.e.*, "the sum necessary to restore a party to the position it occupied before commission of the fraud"), *aff'd sub nom. Eugenia VI Venture Holdings, Ltd. v. Glaser*, 370 F. Appx. 197 (2d Cir. 2010).

### A. The Complaint Fails to Plead Any Underlying Fraud.

#### 1. The Complaint Fails to Plead Herbalife's Alleged Fraud with the Requisite Particularity

Plaintiff's claim that the Defendants aided and abetted Herbalife's alleged fraud fails because, among other reasons, the Complaint inadequately pleads the first element, Herbalife's purported underlying fraud. "A party [alleging fraud] must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff alleges that "[Herbalife's] pyramid scheme constitutes a fraud" in violation of a litany of statutes that are subject to Rule 9(b)'s heightened pleading standard.[6] "To satisfy this requirement, a complaint must 'specify the time, place, speaker, and content of the alleged misrepresentations,' 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[s] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (citing *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)); *see also Lerner*, 459 F.3d at 290. In addition, the complaint must "provide some minimal factual basis" that gives rise to a strong inference of fraudulent intent. *Powers v. British Vita, P.L.C.*, 57 F.3d 176, 184 (2d Cir. 1995) (citation omitted). Plaintiff's conclusory allegations about Herbalife are plainly insufficient to meet the pleading standard required for fraud claims.

---

[6] Plaintiff alleges fraud in violation of Section 12(a)(2) of the Securities Act of 1933, Section 10 of the Securities Exchange Act of 1934, Section 5 of the FTC Act, RICO and various state laws. *See, e.g.*, *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (holding that "the heightened pleading standard of Rule 9(b) applies to . . . Section 12(a)(2) claims insofar as the claims are premised on allegations of fraud"); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127 (2d Cir. 1994) ("Securities fraud allegations under § 10(b) and Rule 10b-5 are subject to the pleading requirements of Rule 9(b)"); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (Rule 9(b)'s pleading standard "also applies to allegations of fraudulent predicate acts supporting a RICO claim"); *Inn Chu Trading Co. Ltd. v. Sara Lee Corp.*, 810 F. Supp. 501, 506–07 (S.D.N.Y. 1992) (state law fraud claims presented in federal court must satisfy Rule 9(b) requirements).

The Complaint asserts, without any supporting facts, that Herbalife "is a fraudulent pyramid scheme because it has a compensation program based primarily on providing payments to participants for the recruitment of new participants, not on the retail sale of products or services." Compl. ¶ 9.  This assertion is based on a federal district court opinion that supposedly "found in 2009 that, 'Herbalife's entire business model appears to incentivize primarily the payment of compensation that is "facially unrelated to the sale of product to the ultimate users[ ] because it is paid based on the suggested retail price of the amount ordered [from Herbalife], rather than based on actual sales to consumers."'" *Id.* ¶ 11, quoting *Herbalife Int'l of Am., Inc. v. Ford*, Case No. CV 07-02529 GAF (FMOx), slip op. at 16 (C.D. Cal. Aug. 25, 2009).  Plaintiff contends that this purported "factual finding by the California state [sic] court satisfies the Ninth Circuit's description of a pyramid scheme, meaning [Herbalife] is indeed, without question, a fraud." Compl. ¶ 11.  However, the court in that case did not make any "factual finding" that Herbalife is a fraud.  Rather, the court held that "conflicting evidence . . . create[d] a triable issue" of fact as to whether Herbalife qualifies as an "endless-chain-scheme" under California law and thus *denied* the parties' cross-motions for summary judgment.  *Herbalife Int'l of Am., Inc.*, slip op. at 17.  (Copy submitted as Fisher Decl., Exhibit B).

The Complaint also makes the conclusory allegation that "[Herbalife] has also been found to be a pyramid [sic] by a Belgian court" but fails to provide any information about that opinion, such as what court rendered the decision, what the decision involved, or when it was made.  Compl. ¶ 12.  Thus, neither the Central District of California decision nor the reference to the unidentified Belgian decision renders Plaintiff's fraud claim sufficiently particularized to comply with Rule 9(b).

7

Plaintiff similarly fails to identify any false or misleading statement or omission by Herbalife on which he purportedly relied.  The Complaint contains only conclusory allegations that Herbalife uses unspecified "misleading, scientifically unsound reports" by some unidentified "hired-gun experts who are not attorneys" to "distract and confuse the public regarding the legality of its business model." Compl. ¶12.  Plaintiff does not allege with the required specificity who made the reports, what misrepresentations were contained in such reports or when and where those reports were made.  *See Kubin v. Miller*, 801 F. Supp. 1101, 1117 (S.D.N.Y. 1992) ("Although the complaint contains various references to statements made by [the defendant], . . . [the plaintiff] has failed to specify either the time . . . or place . . . of each of [the defendant's] alleged statements.").  Moreover, the Complaint offers no particularized facts as to how those reports were fraudulent.

The Complaint also fails to plead any factual basis that gives rise to a strong inference of Herbalife's fraudulent intent.  The Second Circuit has enumerated four circumstances that may give rise to a strong inference of fraudulent intent—where the party who committed the purported fraud: "(1) benefited in a concrete and personal way from the purported fraud . . . ; (2) engaged in deliberately illegal behavior . . . ; (3) knew facts or had access to information suggesting that [its] public statements were not accurate . . . ; or (4) failed to check information [it] had a duty to monitor . . . ." *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (citation omitted).  The Complaint does not provide any factual basis to establish any of these circumstances.

  **2.**  **Plaintiff Fails to Plead Reasonable Reliance on the Purported Fraud**

Critically, Plaintiff fails to meet another "essential element" of fraud:  reasonable reliance on a purported misrepresentation.  *Koppel v. 4987 Corp.*, Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *3 (S.D.N.Y. Aug. 11, 1999).  Plaintiff has admitted his lack of reliance because

8

he alleges throughout his Complaint that he was aware of the supposed truth – that Herbalife is a fraud – and indeed made his investment because of his knowledge of that purported fraud. Plaintiff states that he "established and maintains a substantial short position in [Herbalife] stock" "[k]nowing that [Herbalife] is a fraudulent pyramid scheme[.]"  Compl. ¶ 23.  *See also id.* ¶ 19 (admitting he "describe[d] the [Herbalife] fraud" to Defendants in a February 5, 2013 letter); *id.* ¶ 22 (admitting he "provided [Defendants] with actual knowledge … of [Herbalife's] fraud").  Thus, even if Plaintiff had alleged some kind of fraud relating to Herbalife (which he has not), *he* was not defrauded, and thus he has no claim.  For this reason alone, Plaintiff's underlying fraud claim fails.  *See Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 156–57 (2d Cir. 1995) (plaintiffs could not allege reliance because truth had been disclosed to them); *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 450 F. Appx. 32, 34–35 (2d Cir. 2011) (plaintiffs did not reasonably rely on false statements because they could have learned truth).

Given all the foregoing deficiencies in Plaintiff's allegations concerning Herbalife's purported fraud, he cannot maintain a claim of aiding and abetting fraud.  On this basis alone, the claims against all Defendants should be dismissed.

### B.     The Complaint Fails to Allege That Defendants Had Actual Knowledge of Any Fraudulent Conduct.

Even if the Complaint properly alleged an underlying fraud, it fails to allege that the Defendants had actual knowledge of any fraudulent conduct on the part of Herbalife. *See Lerner*, 459 F.3d at 292–93 (plaintiff must allege aider and abettor possessed "actual knowledge" of fraud, and allegation must be pled with the particularity required for fraud claims generally).  The standard for pleading "actual knowledge" for a claim of aiding and abetting a fraud is more stringent than that for pleading the underlying fraud.  *See Iowa Pub. Emp.'s*

9

*Ret. Sys. v. Deloitte & Touche LLP*, No. 12 Civ. 2136, 2013 WL 245805, at *19 (S.D.N.Y. Jan. 23, 2013); *In re Agape Litig.*, 773 F. Supp. 2d 298, 308 (E.D.N.Y. 2011)) ("While a plaintiff may adequately plead under Rule 9(b) the scienter required to support an underlying fraud claim 'by providing a factual basis which gives rise to a strong inference of fraud, including facts that constitute strong circumstantial evidence of . . . recklessness, [case law] defines knowledge in the context of an aiding and abetting claim as actual knowledge.'") (citations omitted).  The plaintiff "must allege that the defendant had actual knowledge of the wrongful conduct committed, not simply that the defendant should have known of the conduct." *Id*. (quotation and citation omitted).  *See also Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 367 (S.D.N.Y. 2007).

   Plaintiff merely alleges, based solely on the delivery of his letters, that "Plaintiff provided [Defendants] with actual knowledge received February 7, 2013, of [Herbalife's] fraud[.]" Compl. ¶ 22.  But Plaintiff's conclusory letters, claiming no first-hand knowledge and providing no other support for crediting his unsupported assertions concerning Herbalife, do not provide any basis from which the Court can strongly infer actual knowledge on the part of any of the Defendants concerning Herbalife's purported fraud.  *See Lerner*, 459 F.3d at 293 ("Although the plaintiffs conclusorily allege that the banks had actual knowledge, we think that they failed to plead facts with the requisite particularity to support that claim.").  Because the Complaint fails to allege that the Defendants had actual knowledge of any fraud, Plaintiff's claim for aiding and abetting should be dismissed.

   **C.**  **The Complaint Fails to Allege Substantial Assistance.**

   Lastly, even if Plaintiff's letters were sufficient to establish actual knowledge, dismissal of his aiding and abetting claim would nevertheless be proper because the Complaint fails to allege that the Defendants substantially assisted Herbalife in the perpetration of its supposed

10

fraudulent scheme.  Substantial assistance is generally found where: (1) a defendant "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed;" and (2) "the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001) (quotation and citation omitted); *Rosner v. Bank of China*, No. 06 Civ. 13562, 2008 WL 5416380, at *5 (S.D.N.Y. Dec. 18, 2008) (quotation and citation omitted), *aff'd*, 349 Fed. Appx. 637 (2d Cir. 2009).

      Plaintiff alleges that the Defendants have provided substantial assistance to Herbalife's supposed fraud "through the maintenance of the critical line of credit thereto."  Compl. ¶ 22.  This allegation is insufficient because, first, the mere fact that the Defendants continue to honor their contractual obligations as lenders under the credit agreement is insufficient to constitute substantial assistance in a borrower's commitment of a fraud.  *See Glidden Co. v. Jandernoa*, 5 F. Supp. 2d 541, 557 (W.D. Mich. 1998) ("The Court is aware of no authority for holding a bank liable for financing a client's business undertaking on the basis that the client might be engaged in fraud . . . .  Where . . . there are no allegations or evidence that the Banks themselves made any misrepresentations or took any actions to affirmatively hide their client's misdeeds, there is no basis for holding the Banks liable for aiding and abetting[.]"); *Gray v. First Winthrop Corp.*, 776 F. Supp. 504, 512 (N.D. Cal. 1991) ("The mere advancement of loans and performance of ministerial tasks in relation to the loans does not constitute substantial assistance for aider and abettor liability.").  Second, the Complaint provides no support for the allegation that the line of credit is "critical"—or even necessary—to Herbalife, other than Plaintiff's naked assertions that merely because Herbalife (a publicly traded company) issued a press release in 2011 announcing the line of credit, it supposedly "conceded it was extremely material" to their current business,

and that Herbalife "needed to increase its credit limit even further in order to keep its fraud from collapsing." Compl. ¶¶ 16–17.  Plaintiff offers no facts showing that Herbalife was dependent on the credit line or could not have obtained credit from another source.  The Complaint thus offers no basis to satisfy the second element of substantial assistance:  that the Defendants proximately caused any harm to Plaintiff.

Moreover, an alleged "failure to act may not serve as the basis for claiming that the [D]efendant[s]  provided substantial assistance" to Herbalife.  *In re Agape Litig.*, 681 F. Supp. 2d 352, 365 (E.D.N.Y. 2010); *see Musalli Factory for Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 25 (S.D.N.Y. 2009) ("[T]o the extent that [plaintiff] bases its aiding and abetting claim on JPMorgan's failure to prevent the diversion by failing to shut down the account or to inform [the plaintiff] of the account withdrawals, these omissions also do not rise to the level of substantial assistance because there was no fiduciary relationship between the bank and [the plaintiff].")

Because the Complaint fails to allege any conduct by the Defendants that would constitute substantial assistance, Plaintiff's claim for aiding and abetting fraud fails, and the Complaint should be dismissed in its entirety.

**CONCLUSION**

For the foregoing reasons, Defendants Bank of America, JPMorgan and Wells Fargo respectfully submit that their motion to dismiss should be granted and that Plaintiff's Complaint should be dismissed.

Dated:  August 9, 2013

                              Respectfully submitted,

                              DEBEVOISE & PLIMPTON LLP

                              By:  /s/ Gary W. Kubek
                                  Gary W. Kubek
                                  Ashley E. Fisher

                              919 Third Avenue
                              New York, New York  10022
                              Tel.:  (212) 909-6000
                              Fax:  (212) 909-6836
                              gwkubek@debevoise.com
                              aefisher@debevoise.com

                              *Attorneys for Defendant JPMorgan Chase & Co.*

| FRIEDMAN KAPLAN SEILER &  ADELMAN LLP | SKADDEN, ARPS, SLATE,  MEAGHER & FLOM LLP |
|---|---|
| By:/s/ Eric Seiler<br>    Eric Seiler<br>    Andrew W. Goldwater<br>    Jason C. Rubinstein<br>    Lindsey R. Skibell | By:/s/ Scott D. Musoff<br>    Scott D. Musoff<br>    Paul J. Lockwood |
| 7 Times Square<br>New York, New York  10036<br>Tel.:  (212) 833-1100<br>Fax:  (212) 909-6836<br>eseiler@fklaw.com<br>agoldwater@fklaw.com<br>jrubinstein@fklaw.com<br>rskibell@fklaw.com | 4 Times Square<br>New York, New York  10036<br>Tel.:  (212) 735-7852<br>Fax:  (212) 735-2000<br>scott.musoff@skadden.com<br>paul.lockwood@skadden.com<br><br>*Attorneys for Defendant<br>   Bank of America Corporation* |
| *Attorneys for Defendant<br>   Wells Fargo & Company* | |