UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
                        :

DANIEL RAVICHER,               :

                        :

                Plaintiff,     :       13 Civ. 3908 (LLS)

                        :

     v.                     :       **ECF Case**

                        :

BANK OF AMERICA CORPORATION,   :       **Electronically Filed**
JPMORGAN CHASE & CO., and WELLS   :
FARGO & COMPANY, all Delaware      :
corporations,                  :

                        :

              Defendants.   :
---------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
(212) 735-7852

*Attorneys for Defendant*
  *Bank of America Corporation*

Gary W. Kubek
Ashley E. Fisher
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant*
  *JPMorgan Chase & Co.*

Eric Seiler
Andrew W. Goldwater
Jason C. Rubinstein
Lindsey R. Skibell
FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
7 Times Square
New York, New York 10036
(212) 833-1100

October 18, 2013

*Attorneys for Defendant*
  *Wells Fargo & Company*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT .............................................................................................................................2

I.     PLAINTIFF'S AIDING AND ABETTING CLAIM FAILS BECAUSE HE HAS
       NOT PLEADED A PRIMARY FRAUD CLAIM AGAINST HERBALIFE. ...................2

       A.     Allegations From Other Actions Do Not Provide A Basis for Alleging
              That Herbalife "Is A Fraud." ...................................................................................2

       B.     Plaintiff Concedes That He Cannot Plead Reliance. ..............................................4

II.    THE COMPLAINT DOES NOT ALLEGE THAT DEFENDANTS KNEW
       ABOUT OR PROVIDED SUBSTANTIAL ASSISTANCE TO ANY
       PURPORTED FRAUD. ...............................................................................................5

       A.     Mere Allegations In Other Litigations Cannot Establish Actual
              Knowledge. ..............................................................................................................5

       B.     Plaintiff's Assertion Of Substantial Assistance Is Insufficient And
              Inconsistent With His Own Allegations. ................................................................8

CONCLUSION .........................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

### CASES

| <u>Cases</u> | <u>Page(s)</u> |
| --- | --- |

*Bullmore v. Banc of America Securities, LLC,*
  485 F. Supp. 2d 464 (S.D.N.Y. 2007)......................................................................1

*Cement & Concrete Workers District Council Welfare Fund v. Lollo,*
  148 F.3d 194 (2d Cir. 1998).....................................................................................4

*CIFG Assurance North America, Inc. v. Bank of America, N.A.,*
  No. 654028/12, 41 Misc. 3d 1203(A) (N.Y. Sup. Ct. Sept 23, 2013) ....................7

*Federal Treasury Enterprise Sojuzplodoimport v. Spirits International N.V.,*
  400 F. App'x 611 (2d Cir. 2010) ..............................................................................4

*Filler v. Hanvit Bank,*
  339 F. Supp. 2d 553 (S.D.N.Y. 2004), *aff'd*, 156 F. App'x 413 (2d Cir. 2005)........5

*Geinko v. Padda,*
  No. 00 C 5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002)....................................7

*Glidden Co. v. Jandernoa,*
  5 F. Supp. 2d 541 (W.D. Mich. 1998) .....................................................................8

*Gray v. First Winthrop Corp.,*
  776 F. Supp. 504 (N.D. Cal. 1991) ..........................................................................8

*Jenkins v. Sea-Land Service, Inc.,*
  No. 92 CIV. 2380 (PKL), 1993 WL 33406 (S.D.N.Y. Feb. 4, 1993)......................3

*Lazaro v. Good Samaritan Hosp.,*
  54 F. Supp. 2d 180 (S.D.N.Y. 1999)........................................................................6

*In re Merrill Lynch & Co. Research Reports Securities Litigation,*
  218 F.R.D. 76 (S.D.N.Y. 2003) ...............................................................................7

*National Union Fire Insurance Co. v. Califinvest,*
  No. 90 Civ. 2476 (LLS), 1991 WL 12361 (S.D.N.Y. Jan. 28, 1991)......................8

*Prestige Builder & Management LLC v. Safeco Insurance Co. of America,*
  896 F. Supp. 2d 198 (E.D.N.Y. 2012) ......................................................................4

*Shaw v. Rolex Watch, U.S.A.*,
    673 F. Supp. 674 (S.D.N.Y. 1987) ...................................................................4

*Studley v. Malkin*,
    276 A.D.2d 350 (N.Y. App. Div. 1st Dep't 2000) ..................................................9

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*,
    551 U.S. 308 (2007).........................................................................................6

*Test-Aankoop v. Herbalife Int'l Begium*,
    [Comm. Ct. Brussels], Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium),
    *English translation at* http://factsaboutherbalife.com/wp-
    content/uploads/2012/12/Belgian.Court_.Decision-better-translation.pdf .............................3

*Wilson v. Merrill Lynch & Co.*,
    671 F.3d 120 (2d Cir. 2011)...............................................................................6

## STATUTES

Fed. R. Civ. P. 9(b) ........................................................................................3

## PRELIMINARY STATEMENT

As Defendants demonstrated in their Opening Brief, the Complaint ("Complaint" or "Compl.") should be dismissed because Plaintiff Daniel Ravicher has not adequately pleaded any elements of a claim for aiding and abetting fraud.  (Def. Br. at 6–9)  First, Plaintiff has not pleaded an underlying fraud claim because he has not alleged with particularity (i) any false or misleading statements or omissions by Herbalife Ltd. ("Herbalife") (*id.* at 7–8); (ii) any facts supporting a strong inference that Herbalife acted with fraudulent intent  (*id.* at 8); or (iii) that he relied on any purportedly false statements.  (*Id.* at 8–9)  In response, Plaintiff ignores the first two elements and simply asserts repeatedly that "Herbalife is a fraud."  (*Id.* at 2, 5, 7)  With respect to the third element, Plaintiff argues (without citing any cases) that "it is not the law" that "one can not bring a claim for aiding and abetting without also proving a claim against the underlying fraud."  (Pl. Opp. Br. at 1)  In other words, Plaintiff asserts that he can pursue claims for secondary liability even though he has no claim for primary liability.  But that is not the law.  "In order to recover on a claim for aiding and abetting fraud, plaintiffs must *establish that [the primary wrongdoer] defrauded plaintiffs*, [the defendant] knew of the fraud, and that [the defendant lent substantial assistance to [the primary wrongdoer] in committing the primary wrong."  *Bullmore v. Banc of Am. Sec. LLC*, 485 F. Supp. 2d 464, 467 (S.D.N.Y. 2007) (emphasis added).

But even if Plaintiff had alleged particularized facts supporting the existence of an underlying fraud – which he has not – his claim should still be dismissed for failure to plead that the Defendants had actual knowledge of the purported fraud and substantially assisted it. Plaintiff points to the existence of other litigation concerning Herbalife as demonstrating actual knowledge of the purported fraud on the part of the Defendants; however, courts have repeatedly held that knowledge of *mere allegations* of fraud is not tantamount to *actual knowledge* of fraud.

1

Plaintiff has also failed to address, let alone rebut, the cases cited by Defendants that establish that merely providing credit does not amount to "substantial assistance."

For these reasons, as set forth more fully below, and those in Defendants' Opening Brief, Plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

### I.   PLAINTIFF'S AIDING AND ABETTING CLAIM FAILS BECAUSE HE HAS NOT PLEADED A PRIMARY FRAUD CLAIM AGAINST HERBALIFE.

#### A.   Allegations From Other Actions Do Not Provide A Basis for Alleging That Herbalife "Is A Fraud."

Plaintiff does not rebut Defendants' showing (Def. Br. at 6-8) that he has failed to plead a primary fraud claim because the Complaint does not allege with particularity facts that (i) could show whom Herbalife defrauded or what misstatements or omissions allegedly were fraudulent or (ii) give rise to a strong inference of fraudulent intent.  Plaintiff's sole ground for alleging that Herbalife "is a fraud" are purported findings by a federal court in California and a court in Belgium.  (Pl. Opp. Br. at 4)  Plaintiff's reliance on these two decisions is unavailing because neither case supports his allegations.

The California federal court decision in *Herbalife Int'l of Am., Inc. v. Ford*, Case No. CV 07-02529 GAF (FMOx) (C.D. Cal. 2009), cited by Plaintiff merely held that there was conflicting evidence, and thus a triable issue of fact, as to whether Herbalife met California's definition of an "endless chain scheme."  (Def. Br. at 7; Fisher Decl., Exhibit B)  In a subsequent decision that Plaintiff does not disclose to the Court, the same court granted summary judgment for Herbalife on the defendants' endless chain scheme counterclaim.  (Musoff Decl., Exhibit 1)

Nor does the Complaint allege facts showing that the Belgian court found that Herbalife committed fraud.  In fact, the Complaint alleges no facts at all about that decision; it

2

simply asserts that Herbalife "has been found to be a pyramid by a Belgian court."  (Compl. ¶ 12)

Although Plaintiff's Opposition Brief makes assertions concerning that decision which go

beyond the facts alleged in the Complaint (Pl. Opp. Br. at 4), and thus cannot be considered on

this motion, it still does not allege facts sufficient to satisfy Rule 9(b)'s pleading standard for a

fraud claim.  (*Id.* at 4)  Indeed, the opinion in the Belgian case makes clear that a multi-level

marketing system, such as that employed by Herbalife, could be deemed illegal under Belgian

law without even considering *whether or not it was misleading.  See Test-Aankoop v. Herbalife

Int'l Belgium* [Comm. Ct. Brussels], Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium)

(English translation at http://factsaboutherbalife.com/wp-

content/uploads/2012/12/Belgian.Court_.Decision-better-translation.pdf) ("[A]s soon as a system

complies with the requirements specified by articles 91, 14˚ and 99 of the WMPC, this system is

deemed to be illegal and there is no reason to check whether or not there is a chance for

misleading.").  Thus, the Belgian decision provides no support for Plaintiff's allegation that

Herbalife committed fraud.[1]

Plaintiff offers no other response to Defendants' arguments that he has failed to

plead false statements by Herbalife or facts supporting a strong inference of its scienter.  Thus,

the Court should dismiss the Complaint for failure to plead adequately any underlying fraud.

---

[1]   Plaintiff asserts that "Defendants fail to offer any evidence that Herbalife's business model is
any different than it was" in those cases.  (Pl. Opp. Br. at 4-5)  Defendants have no obligation
– or indeed ability – to offer evidence on a motion to dismiss pursuant to Rule 9(b).  *Plaintiff*
bears the burden of alleging the particularized factual circumstances of the purported fraud.
(Def. Br. at 6)  *See also Jenkins v. Sea-Land Serv., Inc.*, No. 92 CIV. 2380 (PKL), 1993 WL
33406, at *5 (S.D.N.Y. Feb. 4, 1993) ("[P]laintiff bears the burden of pleading factual
allegations sufficient to state a claim upon which relief may be granted.").

### B.   Plaintiff Concedes That He Cannot Plead Reliance.

Plaintiff concedes that he did not rely on the purported fraud.  In fact, he admits that he was aware of the purported truth and sought to capitalize on that knowledge.  (Pl. Opp. Br. at 7; Compl. ¶ 23)  As explained in the Opening Brief, this admission is fatal to Plaintiff's claim because reasonable reliance is a necessary element of aiding and abetting fraud.  (Def. Br. at 8–9)

Plaintiff argues, without citing any authority, that he does not have to plead "that he was injured by" the fraud or "that he reasonably relied on it," so long as he pleads that *someone else* was defrauded by Herbalife.  (Pl. Opp. Br. at 1)  But Plaintiff cannot bring his fraud claim based on unidentified third parties' purported reliance on a misstatement – the reliance must be the plaintiff's own.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo*, 148 F.3d 194, 197 (2d Cir. 1998) (holding "plaintiff could not maintain a fraud action because 'New York courts have consistently held that a claim of fraud will not lie when premised on the reliance of a third party.'") (quoting *Shaw v. Rolex Watch, U.S.A.*, 673 F. Supp. 674 (S.D.N.Y. 1987).  The Second Circuit has expressly applied this reasoning to claims for aiding and abetting fraud as well as primary claims for fraud.  *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) (affirming dismissal of both primary fraud *and* aiding and abetting fraud claims because "fraud claims may not be premised on false statements on which a third party relied").[2]

---

[2]   Although a handful of district courts have allowed a claim of fraud based on allegations that "a third-party relied upon a misrepresentation by the defendant, which resulted in injury to the plaintiff," *Prestige Builder & Mgt. LLC v. Safeco Ins. Co.*, 896 F. Supp. 2d 198, 203 (E.D.N.Y. 2012), Plaintiff has failed to plead with specificity that any third party relied on any misrepresentation by Herbalife, thereby causing him harm.  Instead, he merely argues that he does not have to plead "that he was injured by" the fraud.  (Pl. Opp. Br. at 1)  In

*(cont'd)*

4

Moreover, Plaintiff cannot satisfy the reliance requirement through vague and conclusory assertions that unidentified others relied upon unspecified misstatements or omissions.  *See Filler v. Hanvit Bank*, 339 F. Supp. 2d 553, 560 (S.D.N.Y. 2004), *aff'd*, 156 F. App'x 413 (2d Cir. 2005) (dismissing aiding and abetting claim because allegations of reliance were overly broad).  In *Filler*, the plaintiffs did not allege that the defendant banks assisted a fraud against the plaintiffs, but alleged more generally that the banks assisted a fraud against "any investor who would have relied upon [the primary wrongdoer's] financial statements." *See id.*  The court explained that "[s]uch a broad definition of the underlying fraud is inconsistent with the other requirements of aiding and abetting liability, which seek to ensure that entities already one step removed from the alleged wrongful acts are not subject to suit for unforeseeable harms in which they had no active role and from which they received no benefit." *Id.*  Here Plaintiff's theory of reliance is even more tenuous.  He does not allege that a fraud was directed at him, but complains that his short-selling strategy has not succeeded because of some unspecified fraud carried out against unidentified third parties.

In sum, in the absence of any allegation of reliance by Plaintiff, there is no connection between his generalized allegation that Herbalife "is a fraud" and his alleged injury.

## II.   THE COMPLAINT DOES NOT ALLEGE THAT DEFENDANTS KNEW ABOUT OR PROVIDED SUBSTANTIAL ASSISTANCE TO ANY PURPORTED FRAUD.

### A.   Mere Allegations In Other Litigations Cannot Establish Actual Knowledge.

Plaintiff contends that Defendants had knowledge of Herbalife's purported fraud from three alleged sources: (i) the *Herbalife Int'l of Am., Inc. v. Ford* decision denying a motion

_____

*(cont'd from previous page)*

addition, Plaintiff has not alleged that the Defendants' purported conduct was the proximate cause of his injury.  *See Filler*, 339 F. Supp. 2d at 560.

for summary judgment that was "specifically discussed" in the March 9, 2011 Credit Agreement between Defendants and Herbalife (Pl. Opp. Br. at 5); (ii) Plaintiff's letters to certain corporate officers of each Defendant; and (iii) Plaintiff's separately filed and since dismissed shareholder derivative suit based on similar conclusory allegations that Herbalife is a Ponzi scheme.  None of these allegations is sufficient to plead actual knowledge of the purported fraud.

Plaintiff's argument that Defendants knew of the purported fraud because the Credit Agreement disclosed the *Ford* decision is inconsistent with the Complaint, which alleged that Defendants were not aware of the purported fraud until Plaintiff sent letters to them in February 2013 informing them of his allegations.[3]  (Def. Br. at 1-2; Compl. ¶ 19)  However, even if such allegations could be considered, Plaintiff's incomplete and misleading assertion that the Credit Agreement (actually a disclosure schedule to the agreement) "specifically discussed" the *Ford* case (Pl. Opp. Br. at 5) would not support the argument that Defendants were aware of the purported fraud as early as March 2011.  In fact, while the disclosure schedule did state that the court in *Ford* "granted partial summary judgment for Herbalife on all of defendants' claims except the claim that the Company is an endless chain scheme which . . . is a question of fact that can only be determined at trial" (Pl. Opp. Br. at 5-6), Plaintiff has failed to inform the Court that the schedule also disclosed, two lines later, that the court subsequently granted summary judgment for Herbalife on that claim and the case was dismissed.  (Musoff Decl., Exhibit 2)[4]  Thus, the disclosure schedule that Plaintiff alleges gave Defendants knowledge that Herbalife is

---

[3]  *See Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

[4]  This Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007); *see also Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 123 (2d Cir. 2011).

a fraud actually informed them that a claim that Herbalife was an "endless chain scheme" had been dismissed.

In response to Defendants' argument that Plaintiff's conclusory letters asserting that Herbalife is a fraud are insufficient to infer actual knowledge by Defendants of any fraudulent activity (Def. Br. at 10), Plaintiff merely reiterates that he sent the letters to Defendants and "identified himself as an attorney." (Pl. Opp. Br. at 6) His additional argument that his subsequent derivative complaint set forth "even more facts showing that Herbalife is a fraud" is equally unavailing. (*Id.*) That complaint contained mere allegations that cannot be relied on as providing Defendants with actual knowledge. *See CIFG Assurance N. Am., Inc. v. Bank of Am., N.A.*, No. 654028/12, 41 Misc. 3d 1203(A), at *3 (N.Y. Sup. Ct. (New York County) Sept. 23, 2013) (rejecting assertion that unproven allegations in another action could demonstrate knowledge). *See also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[R]eferences to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) . . . ."); *Geinko v. Padda*, No. 00 C 5070, 2002 WL 276236, at *6 (N.D. Ill. Feb. 27, 2002) (refusing to consider allegations from other complaints as improper hearsay that could not establish scienter). Moreover, Plaintiff, who voluntarily dismissed that complaint after the defendants moved to dismiss, *Ravicher v. Moynihan*, 13-cv-01665-LLS, Dkt. 25 (S.D.N.Y.), has not explained what those "even more facts" are. (Pl. Opp. Br. at 6)

Finally, Plaintiff's suggestion that the Belgian court's "legal adjudication" provided Defendants with actual knowledge of fraud – although, as explained above, that court

made no such finding – is unsupported by any allegation that Defendants knew of that decision.

(Pl. Opp. Br. at 7)

### B. Plaintiff's Assertion Of Substantial Assistance Is Insufficient And Inconsistent With His Own Allegations.

Defendants explained in their Opening Brief that Plaintiff's allegations of substantial assistance cannot survive a motion to dismiss because Plaintiff merely accuses Defendants of honoring their contractual obligations as lenders under the Credit Agreement. (Def. Br. at 11-12)  Plaintiff has not attempted to distinguish the cases Defendants cited rejecting that same argument.  (*Id.*, citing *Glidden Co. v. Jandernoa*, 5 F. Supp. 2d 541, 555 (W.D. Mich. 1998); *Gray v. First Winthrop Corp.*, 776 F. Supp. 504, 512 (N.D. Cal. 1991))  *See also Nat'l Union Fire Ins. Co. v. Califinvest*, No. 90 Civ. 2476 (LLS), 1991 WL 12361, at *3 (S.D.N.Y. Jan. 28, 1991) (issuance of surety bond did not constitute substantial assistance).  Instead, Plaintiff relies on the purported materiality to Herbalife of the credit Defendants have agreed to make available.  (Pl. Opp. Br. at 7-8)  He cites no authority, however, for the proposition that a lender's refusal to breach a credit agreement amounts to "substantial assistance" even if the credit is material to the borrower.[5]

Plaintiff has also not met his heavy pleading burden because his assertion that Defendants are "'helping to conceal'" Herbalife's fraud contradicts his allegations that Defendants must have known Herbalife was a fraud.  (Pl. Opp. Br. at 8)  He asserts that the publicly available decisions in *Ford* (which was disclosed in Herbalife's SEC filings in 2011) and in the Belgian case were sufficient to provide Defendants with actual knowledge of the fraud.  (Pl.

---

[5]   Plaintiff again misconstrues his pleading burden by arguing that Defendants have "submitted no declaration from any witness, fact or expert, to opine that the line of credit is not providing 'substantial assistance' to Herbalife."  (Pl. Opp. Br. at 8-9)  On the present motion, the pleading burden belongs to Plaintiff.  *See* n.1, *supra*.

Opp. Br. at 5-7)  Plaintiff has not explained how Defendants can be helping Herbalife conceal a fraud that, based on his own assertions, has already been publicly disclosed.  *See Studley v. Malkin*, 276 A.D.2d 350, 350 (N.Y. App. Div. 1st Dep't 2000) (plaintiff "fail[ed] to state a cause of action because, by plaintiff's own admission, the challenged accounting method was publicly disclosed, before plaintiff purchased his interest in the venture").  Moreover, Plaintiff has not alleged any facts explaining how or why Defendants would have any plausible motive to agree to lend hundreds of millions of dollars under the Credit Agreement if, as Plaintiff contends, Defendants actually knew that Herbalife "is a fraud."  (Pl. Opp. Br. at 5-6)

## CONCLUSION

For the foregoing reasons and those set forth in the Opening Brief, Defendants Bank of America Corporation, JPMorgan Chase & Co. and Wells Fargo & Company respectfully submit that their motion to dismiss should be granted and that Plaintiff's Complaint should be dismissed with prejudice.

Dated:      New York, New York
            October 18, 2013

                                              Respectfully submitted,

                                          By: /s/ Scott D. Musoff
                                              Scott D. Musoff
                                              Paul J. Lockwood*
                                              SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                              4 Times Square
                                              New York, New York  10036
                                              Tel.:  (212) 735-7852
                                              Fax:  (212) 735-2000
                                              scott.musoff@skadden.com

                                              *Attorneys for Defendant*
                                                 *Bank of America Corporation*

By: /s/ Eric Seiler                       By: /s/ Gary W. Kubek
    Eric Seiler                               Gary W. Kubek
    Andrew W. Goldwater                       Ashley E. Fisher
    Jason C. Rubinstein                       DEBEVOISE & PLIMPTON LLP
    Lindsey R. Skibell                        919 Third Avenue
    FRIEDMAN KAPLAN SEILER &                  New York, New York  10022
       ADELMAN LLP                            Tel.:  (212) 909-6000
    7 Times Square                            Fax:  (212) 909-6836
    New York, New York  10036                 gwkubek@debevoise.com
    Tel.:  (212) 833-1100                     aefisher@debevoise.com
    Fax:  (212) 833-1200
    eseiler@fklaw.com
    agoldwater@fklaw.com                      *Attorneys for Defendant*
    jrubinstein@fklaw.com                        *JPMorgan Chase & Co.*
    rskibell@fklaw.com

    *Attorneys for Defendant*
       *Wells Fargo & Company*

10