## Friedman Kaplan Seiler & Adelman LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
RICHARD M. HOFFMAN
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1106

WRITER'S DIRECT FAX
212-373-7906

E-MAIL
AGOLDWATER@FKLAW.COM

NORMAN ALPERT
ASAF REINDEL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
L. REID SKIBELL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH S. LOSEY
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

November 15, 2013

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: <u>Ravicher v. Bank of America et al.; 13-CV-03908 (LLS)</u>

Dear Judge Stanton:

    We represent defendant Wells Fargo & Company in the above-referenced action and write on behalf of all defendants in response to the letter from plaintiff Daniel Ravicher dated November 7, 2013.

    Plaintiff contends that an unpublished minute order in *Bostick v. Herbalife Int'l of America, Inc.*, CV 13-02488-BRO (C.D. Cal. Oct. 11, 2013) (the "Minute Order") is "relevant to the issue of what a plaintiff must plead to sufficiently allege that Herbalife is a fraud." However, *Bostick* has no bearing on whether the Complaint in this case adequately alleges the elements of a claim for aiding and abetting fraud: that Plaintiff was the victim of a primary fraud by Herbalife, that he sustained any injury as a result of any such alleged fraud, or that the defendants – lenders under a credit agreement with Herbalife – knew of, or substantially assisted, any such fraud.

    Contrary to Plaintiff's contention, the *Bostick* plaintiff did not allege, and the *Bostick* court did not address, any claim for fraud or aiding and abetting fraud.

2880757.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Louis L. Stanton     - 2 -     November 15, 2013

Indeed, the Minute Order contains no reference to Rule 9(b)'s requirement that a claim sounding in fraud must be alleged with particularity which is applicable to Plaintiff's claim in this case.

       Plaintiff, who alleges that Defendants have harmed him because they somehow have "illegally caused the [Herbalife] share price to be unjustifiably inflated" (Complaint ¶ 23), cannot support that claim by relying on a decision that someone who was a distributor of Herbalife's products, not a short seller of Herbalife's stock, pleaded sufficient facts in **his** complaint to state claims for violations of various California state statutes. Plaintiff here is not a distributor of Herbalife's products, the California plaintiff's complaint is not this Plaintiff's Complaint, and the claims asserted in the California complaint are not the same as Plaintiff's claim.

       In addition, the Court should deny Plaintiff's request that, if the Court determines that his Complaint fails to state a cause of action, it grant him "leave to amend his complaints to incorporate the allegations contained in the *Bostick* complaint." Incorporation of those allegations would not cure Plaintiff's inability to allege that he was injured by a primary fraud by Herbalife. As explained in Defendants' Motion to Dismiss, the Complaint also fails to state a cause of action for several reasons beyond the fact that Plaintiff has failed to plead such a primary fraud. Plaintiff does not and cannot explain how allegations by the *Bostick* plaintiff that were deemed sufficient to state claims under California's Endless Chain Scheme Law, Unfair Competition Law and False Advertising law would do anything to remedy Plaintiff's failure here to allege sufficiently any of the elements of a claim against Defendants for "unjustifiably inflat[ing] Herbalife's share price" by aiding and abetting fraud.

Respectfully,

*/s/ Andrew W. Goldwater*

Andrew W. Goldwater

cc:     All counsel of record (by email)

2880757.1