**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| DANIEL RAVICHER, | ECF CASE |
| Plaintiff, | 13 Civ. 3908 (LLS) |
| v. | NOTICE OF MOTION TO DISMISS THE COMPLAINT |
| BANK OF AMERICA CORPORATION, JPMORGAN CHASE & CO., and WELLS FARGO & COMPANY, all Delaware corporations, | Oral Argument Requested |
| Defendants. | |

------------------------------------------------------------x

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, the Declaration of Ashley E. Fisher, together with the exhibits thereto, and all prior pleadings and proceedings in this action, the undersigned counsel for defendants Bank of America Corporation, JPMorgan Chase & Co. and Wells Fargo & Company, will move this Court, before the Honorable Louis L. Stanton, United States District Judge, at a date and time convenient for the Court in Courtroom 21C of the United States Courthouse located at 500 Pearl Street, New York, New York, for an order, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing Plaintiff's complaint,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/14
```

and for such other and further relief as the Court may deem just and proper.

Dated:  August 9, 2013
        New York, New York

                                        Respectfully submitted,

                                        DEBEVOISE & PLIMPTON LLP

                                        By:  /s/ Gary W. Kubek
                                             Gary W. Kubek
                                             Ashley E. Fisher

                                        919 Third Avenue
                                        New York, New York  10022
                                        Tel.:  (212) 909-6000
                                        Fax:  (212) 909-6836
                                        gwkubek@debevoise.com
                                        aefisher@debevoise.com

                                        *Attorneys for Defendant JPMorgan
                                        Chase & Co.*

FRIEDMAN KAPLAN SEILER &                SKADDEN, ARPS, SLATE, MEAGHER &
ADELMAN LLP                             FLOM LLP

By: /s/ Eric Seiler                     By:/s/ Scott D. Musoff
    Eric Seiler                            Scott D. Musoff
    Andrew W. Goldwater                    Paul J. Lockwood
    Jason C. Rubinstein
    Lindsey R. Skibell                  4 Times Square
                                        New York, New York 10036
7 Times Square                          Tel.:  (212) 735-3000
New York, New York  10036               Fax:  (212) 735-2000
Tel.:  (212) 833-1100                   scott.musoff@skadden.com
Fax:  (212) 909-6836                    paul.lockwood@skadden.com
eseiler@fklaw.com
agoldwater@fklaw.com                    *Attorneys for Defendant Bank of America
jrubinstein@fklaw.com                   Corporation*
rskibell@fklaw.com

*Attorneys for Defendant Wells Fargo
& Company*

2

TO: Daniel B. Ravicher, Esq.
 RAVICHER LAW FIRM
 2000 Ponce De Leon Blvd., Suite 600
 Coral Gables, FL 35134
 Tel: (786) 505-1205
 Fax: (212) 591-6038
 ravicher@gmail.com



## MEMORANDUM ENDORSEMENT

<u>Ravicher v. Bank of America Corp. et. al</u>
13 Civ. 3908 (LLS)

Defendants move to dismiss this diversity action against Bank of America Corporation, JPMorgan Chase & Co. and Wells Fargo & Company, which claims they aided and abetted a fraud perpetrated by non-party Herbalife, LTD ("Herbalife"). The motion is made under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The complaint is dismissed because the defendants' actions (even if proved) are so remote from Ravicher's alleged injury as to demonstrate the implausibility of Ravicher's claim.

Ravicher bought put options in Herbalife stock, which allow him to sell it for $45 per share even if its market price falls below that before November 16, 2013 (as to 5,000 shares) and January 16, 2015 (as to 2,000 shares). <u>See</u> Second Declaration of Daniel B. Ravicher in Support of Plaintiff's Motion for Preliminary Injunction 1, Ravicher v. Icahn, 13 Civ. 1666 (LLS). Ravicher refers to these put options as a "short position," and contends that "But for defendants' conduct, Plaintiff's investment in a short position in HLF would be worth substantially more." <u>Compl.</u> ¶ 24. At present the options are worthless because Herbalife's stock price is reported over the past year as low as $30.84 and as high as $83.51, closing on January 16, 2014 at $71.63.

Ravicher claims that defendants injured him by providing a line of credit to Herbalife and preventing Herbalife from collapsing, as the natural result of it being (Ravicher claims) "a fraudulent pyramid scheme because it has a compensation program based primarily on . . . the recruitment of new participants, not on the retail sale of products or services." <u>Id.</u> ¶ 9.*

To prove that claim Ravicher must establish that: (1) Herbalife's method of compensating its salespeople which is "based on the suggested retail price of the amount ordered [from Herbalife], rather than based on actual sales to consumers" is

---

* It seems to be the fact that it is the sales-participants who pay Herbalife for the product they re-sell to ultimate consumers that persuade some to view it as a Ponzi scheme.

- 1 -

so unrelated to product sales that it is uneconomic, unprofitable, and surely (2) will (although Herbalife has recently flourished) cause the company to collapse and (3) amounts, although publicly known, to a fraud on Herbalife's shareholders, who have (4) been saved from its collapse by the defendants' extension of a line of credit (rather than by a successful business, purchases by independent investors, and other market forces); and (5) that Ravicher's loss in value of his put options could not have been avoided by selling them earlier, or refraining from buying more of them.

Based on his opinion of the law that would be applied to Herbalife's compensation program, and on what he saw as its inevitable collapse as a business, Ravicher purchased the puts by which he might profit from its failure.

Before Ravicher bought the puts, the defendants owed him no duty to refrain from extending Herbalife a line of credit.

To sustain his claim Ravicher must argue that it was his purchase of the puts that imposed on the defendants a duty to Ravicher to refrain from assisting Herbalife in its business. That is not only a counter-intuitive proposition, it violates a principle ("volenti non fit injuria") that one who knowingly and voluntarily risks danger cannot recover for the resulting injury. Black's Law Dictionary describes that principle as "certainly of respectable antiquity," 1710 (9th ed. 2009):

> The idea underlying it has been traced back as far as Aristotle, and it was also recognised in the works of the classical Roman jurists, and in the Canon Law. In English law, Bracton in his De Legibus Angliae (c.a. A.D. 1250-1258) uses the maxim, though not with the technicality that attached to it later, and in a Year Book case of 1305 it appears worded exactly as it is now.

Id. (quoting P.H. Winfield, A Textbook of the Law of Tort § 13, at 24 (5th ed. 1950)).

The complaint is inherently implausible, and it is dismissed. As the Supreme Court stated in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009): "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."

The motion to dismiss (Dkt. No. 10) is granted.

So ordered.

Dated: New York, New York
       January 17, 2014

                              /s/ Louis L. Stanton
                              ───────────────────────
                              Louis L. Stanton
                                  U.S.D.J.

- 3 -